TENNANT D. MAGEE, ESQ.
SCHOTTLAND, MANNING, CALIENDO & THOMSON, P.A.
36 West Main Street
P.O. Box 6578
Freehold, New Jersey 07728
Attorneys for Plaintiffs
(TDM 5871)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAWNEEN BARNA, Administratrix Ad ProsequendumOf the Estate of Justin Plunkett, deceased<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF NEWARK, SGT. SANTO CASTILLO, OFCR. RONALD LUCAS, OFCR.EDWIN RAMOS, OFCR. JOHNNY WOLFFE SGT. CAMILO MOS, OFCR. ALAN MARFIA, OFCR. CHRIS CAVALLO,SGT. IVONNE ROMAN,OFCR JESUS DELEON, OFCR. LOUIS WOHLTMAN, OFCR. GREGORY DANIELS, POLICE GUARD DOROTHY WILLIAMS, JOHN DOES 1-5, fictitious names) and RICHARD ROES 1-5 (fictitious names).<br><br>Defendants. | CIVIL ACTION NO.: 03 cv5326(Jap)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**AMENDED COMPLAINT** |

Plaintiff, Shawneen Barna, *Administratrix Ad Prosequendum* for the Estate of Justin Plunkett, deceased, residing at 49 Maurice Avenue, City of Holmdel, County of Monmouth and State of New Jersey, by way of Complaint against the above named defendants says:

1

## FIRST COUNT

1. Plaintiff is the mother of Justin Plunkett who was a citizen of the United States and who passed away on or about May 30, 2003. Plaintiff, Shawneen Barna has been appointed by the Surrogate of Monmouth County as the *Administratrix Ad Prosequendum* for the Estate of Justin Plunkett.

2. The City of Newark is a municipal corporation, organized under the laws of the State of New Jersey which operated a "lock-up" type of jail facility, a police department and employed correction officers and police officers, Sergeant Santos Castillo, Officer Ronald Lucas, Officer Edwin Ramos, Officer Johnny Wolffe, Sergeant Camilo Mos, Sergeant Ivonne Roman, Officer Alan Marfia, Officer Chris Cavallo, Police Guard Dorothy Williams, Officer Jesus DeLeon, Officer Louis Wohltman, Officer Gregory Daniels and others whose names are presently unknown and herein designated as John Does (1-5) and Richard Roes, (1-5). These officers were sworn to uphold and enforce the laws of the United States and the State of New Jersey properly and in accordance with their oaths.

3. Jurisdiction in this Court is based upon the provisions of 28 U.S.C. 1331 and in this matter jurisdiction is predicated upon 42 U.S.C. 1983, 1985 as well as the Fourteenth Amendment of the United States Constitution.

4. On or about May 23, 2003 the decedent, Justin Plunkett, was arrested by various members of the Newark Police Department, taken into custody at which time he was subjected to improper and

illegal treatment including beating and an assault at the hands of Officer Alan Marfia, Officer Chris Cavallo, and presently unknown members of the Newark Police Department, who are herein designated at John Does (1-5).

5. Following that original and personal insult, the decedent was transferred to a "lock-up" type of jail which we believe is maintained by the City of Newark Police Department. Decedent was then subjected to further misconduct by agents, servants and employees of the City of Newark, Sergeant Santos Castillo, Officer Ronald Lucas, Officer Edwin Ramos, Officer Johnny Wolffe, Sergeant Camilo Mos, Sergeant Ivonne Roman, Officer Alan Marfia, Officer Chris Cavallo, Police Guard Dorothy Williams, Officer Jesus DeLeon, Officer Louis Wohltman, Officer Gregory Daniels and others whose identities are also presently unknown and are designated herein as Richard Roes (1-5), for which he sustained grave and serious injuries.

6. The decedent was then transferred to the University Hospital Medical Center and on May 30, 2003 he was permitted to expire.

7. Prior to his passing the decedent suffered extensive pain and suffering and as a result therefore his estate had to pay for funeral and burial expense.

8. The actions of defendants City of Newark, its agents, servants and employees, Sergeant Santos Castillo, Officer Ronald Lucas, Officer Edwin Ramos, Officer Johnny Wolffe, Sergeant Camilo Mos, Sergeant Ivonne Roman, Officer Alan Marfia, Officer Chris

Cavallo, Police Guard Dorothy Williams, Officer Jesus DeLeon, Officer Louis Wohltman, Officer Gregory Daniels and others whose identities are unknown and herein designated as John Does (1-5) and Richard Rose (1-5), were actions undertaken under color of lawful authority and violated the decedent's rights to due process and other Civil Rights guaranteed by the Constitution and Laws of the United States.

9. This action is also brought pursuant to the provisions of N.J.S.A. 2A:15-3.

**WHEREFORE**, plaintiff, Shawneen Barna, as *Administratrix Ad Prosequendum* for the Estate of Justin Plunkett, seeks entry of a judgment in favor of the plaintiff and against the defendants, City of Newark, Sergeant Santos Castillo, Officer Ronald Lucas, Officer Edwin Ramos, Officer Johnny Wolffe, Sergeant Camilo Mos, Sergeant Ivonne Roman, Officer Alan Marfia, Officer Chris Cavallo, Police Guard Dorothy Williams, Officer Jesus DeLeon, Officer Louis Wohltman, Officer Gregory Daniels, John Does (1-5), Richard Roes (1-5), its agents, servants and employees for damages together with attorney's fees, interest and costs of suit.

## SECOND COUNT

1. Plaintiff repeats and realleges each and every allegation contained in the First Count of this Complaint as if set forth at large herein.

2. On or about June 23, 3003 plaintiff was appointed *Administratrix Ad Prosequendum* for the Estate of Justin Plunkett

4

by the Surrogate of Monmouth County. Plaintiff brings this Count under the provisions of N.J.S.A. 2A:31-1 et. seq. and contends that the death of her son resulted from the wrongful act of the City of Newark by way of its agents, servants and employees heretofore unknown and designated at John Does (1-5) and Richard Roes (1-5) and Sergeant Santos Castillo, Officer Ronald Lucas, Officer Edwin Ramos, Officer Johnny Wolffe, Sergeant Camilo Mos, Sergeant Ivonne Roman, Officer Alan Marfia, Officer Chris Cavallo, Police Guard Dorothy Williams, Officer Jesus DeLeon, Officer Louis Wohltman, Officer Gregory Danielsand that such improper actions violated the provisions of 42 U.S.C. 1983, 1985.

**WHEREFORE**, plaintiff, Shawneen Barna, as *Administratrix Ad Prosequendum* for the Estate of Justin Plunkett, seeks entry of judgment in favor of the plaintiff and against the defendants, City of Newark, John Does (1-5), Richard Roes (1-5) its agents, servants and employees, and Sergeant Santos Castillo, Officer Ronald Lucas, Officer Edwin Ramos, Officer Johnny Wolffe, Sergeant Camilo Mos, Sergeant Ivonne Roman, Officer Alan Marfia, Officer Chris Cavallo, Police Guard Dorothy Williams, Officer Jesus DeLeon, Officer Louis Wohltman, Officer Gregory Daniels for damages as a result of the death of Justin Plunkett and as permitted by law pursuant to the provisions of N.J.S.A. 2A:31 et. seq. together with attorney's fees, interest and costs of suit.

## THIRD COUNT

1.  Plaintiff repeats and realleges each and every allegation contained in the First, Second and Third Counts of this Complaint as if set forth at large herein.

2.  The actions of the employees of the City of Newark, Sergeant Santos Castillo, Officer Ronald Lucas, Officer Edwin Ramos, Officer Johnny Wolffe, Sergeant Camilo Mos, Sergeant Ivonne Roman, Officer Alan Marfia, Officer Chris Cavallo, Police Guard Dorothy Williams, Officer Jesus DeLeon, Officer Louis Wohltman, Officer Gregory Daniels in injuring the plaintiff and negligently failing to supervise his incarceration directly led to his death. This action is brought pursuant to the provisions of N.J.S.A 2A:31-1 et. seq. and this Court's jurisdiction is pendant in nature.

**WHEREFORE**, plaintiff, Shawneen Barna, as *Administratrix Ad Prosequendum* for the Estate of Justin Plunkett, seeks entry of a judgment in favor of the plaintiff and against the defendants, City of Newark, Sergeant Santos Castillo, Officer Ronald Lucas, Officer Edwin Ramos, Officer Johnny Wolffe, Sergeant Camilo Mos, Sergeant Ivonne Roman, Officer Alan Marfia, Officer Chris Cavallo, Police Guard Dorothy Williams, Officer Jesus DeLeon, Officer Louis Wohltman, Officer Gregory Daniels, John Does (1-5), Richard Roes (1-5) and its agents, servants and employees for damages as a result of the death of Justin Plunkett and as permitted by law

pursuant to the provisions of N.J.S.A. 2A:31 et, seq. together with interest and costs of suit.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial of the within action by jury as to all involved issues.

### DESIGNATION OF TRIAL COUNSEL

Michael D. Schottland, Esq. of the firm Schottland, Manning, Caliendo & Thomson, P.A., is hereby designated as trial counsel on behalf of the Plaintiff.

SCHOTTLAND, MANNING,
CALIENDO & THOMSON, P.A.

Dated: February 22, 2005   By: _____
TENNANT D. MAGEE
Attorney for the Plaintiff

### CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I certify that pursuant to R 11.2, to my knowledge and based on the information available to me at this time, the matter in controversy is not the subject of any another action pending in any court or of a pending arbitration proceeding and that no additional parties are known at this time who should be added.

SCHOTTLAND, MANNING,
CALIENDO & THOMSON, P.A.

Dated: February 22, 2005   BY: _____
TENNANT D. MAGEE
Attorney for Plaintiff

7



UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK , NEW JERSEY 07101-0419

Local Civil Rule 10.1(b) requires docket number and name of district judge on all pleadings filed with this office.

BARNA
              Plaintiff(s)

v.

CITY OF NEWARK
              Defendant(s)

Civil Action No. 2:03cv05326

NOTICE OF ALLOCATION and ASSIGNMENT

    ALLOCATION: Pursuant to Local Civil Rule 40.1(a), I have allocated this action to NEWARK. Please file all pleadings and make all motions returnable there.

    ASSIGNMENT: This action has been assigned to United States District Judge Joel A. Pisano for trial. Discovery and other non-dispositive matters have been assigned to United States Magistrate Judge Madeline C. Arleo.

    MEDIATION: You may consent to mediation of this action pursuant to Local Civil Rule 301.1. However, this matter may be referred to mediation by a judicial officer regardless of consent. See Attached.

    MAGISTRATE JUDGE JURISDICTION: You may consent to conduct all proceeding, including trial and the entry of final judgment, before the United States Magistrate Judge in accordance with the provisions of 28 U.S.C. & 636(c).

    NOTICE TO COUNSEL AND PRO SE LITIGANTS: The Court has directed that counsel and pro se litigants be advised that there will be STRICT ENFORCEMENT of Local Civil Rules 16.1 (pretrial conferences; scheduling; case management) and 26.1 (discovery). Sanctions may be imposed for failure to comply with the local rules and orders entered pursuant thereto. Sanctions may include dismissal of the action and suppression of the defense.

ORIGINAL FILED
11-14-03

WILLIAM T. WALSH
CLERK

by: Michael DeCapua
Deputy Clerk

Date:  11/14/03

DNJ-Civ-001(05/00)

ALTERNATIVE DISPUTE RESOLUTION
IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Mediation is the Alternative Dispute Resolution ("ADR") program in this Court. Mediation is governed by Local Civil Rule 301.1. The mediation program under this rule is supervised by a judicial officer (at present United States Magistrate Judge Ronald J. Hedges) who is available to answer any questions about the program.

Any district judge or magistrate judge may refer a civil action to mediation. This may be done without the consent of the parties. However, the Court encourages parties to confer among themselves and consent to mediation. Moreover, you are reminded that, when counsel confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 26.1, one of the topics that must be addressed is the eligibility of a civil action for participation in ADR.

A civil action may be referred to mediation at any time. However, one of the advantages of mediation is that, if successful, it enables parties to avoid the time and expense of discovery and trial. Accordingly, the Court encourages parties to consent to mediation prior to or at the time that automatic disclosures are made pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

If parties consent to mediation, they may choose a mediator either from the list of certified mediators maintained by the Court or by the selection of a private mediator. If a civil action is referred to mediation without consent of the parties, the judicial officer responsible for supervision of the program will select the mediator.

Mediation is non-judgmental. The role of the mediator is to assist the parties in reaching a resolution of their dispute. The parties may confer with the mediator on an ex parte basis. Anything said to the mediator will be deemed to be confidential and will not be revealed to another party or to others without the party's consent. The first six hours of a mediator's time is free. The mediator's hourly rate thereafter is $250.00, which is borne equally by the parties.

If you would like further information with regard to the mediation program please review the Guidelines for Mediation, which are available on the Court's Web Site PACER, (pacer.njd.uscourts.gov) and appear as Appendix Q to the Local Civil Rules. You may also make inquiries of the judicial officer responsible for supervision of the program.

Civil actions in which there are pro se parties (incarcerated or not) are not eligible for mediation.

DNJ-Med-001(08/01)